# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | Case No. 2:20:cv-01783-KJD-EJY |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| VENTURE POINT, LLC; KEVIN SCHARRINGHAUSEN; and DOES 1 to 100, | |
| Defendants. | |

Before the Court are Defendant Venture Point, LLC's Motion to Dismiss Plaintiff's Complaint (ECF #10) and Defendant Kevin Scharringhausen's Motion to Dismiss (ECF #12). Plaintiff responded in opposition to both motions (ECF #18), Defendant Venture Point, LLC replied (ECF #20), and Defendant Scharringhausen joined Venture Point's reply (ECF #21) and filed its own reply (ECF #22). Defendant Scharringhausen also filed a Motion for Leave to File Supplemental Brief (ECF #35). Plaintiff responded in opposition (ECF #39) and Defendant replied (ECF #43).

I.     Factual and Procedural Background

On or around July 7, 2016, Defendant Kevin Scharringhausen ("Scharringhausen") fell down the stairs at work and was injured. (ECF #10, at 2). Scharringhausen's employer, Petroleum Logistics ("Petroleum"), leased the building where Scharringhausen was injured from Venture Point, LLC ("Venture Point"). Id. Scharringhausen's underlying state court action against Venture Point is ongoing. Id. According to the lease agreement between Venture Point and Petroleum, Petroleum was required to secure commercial general liability insurance and add Venture Point as an additional insured. Id. at 3. Petroleum complied and purchased an insurance policy through Kinsale Insurance Company ("Kinsale"). Id. Petroleum then purchased an

additional insurance policy for excess coverage from Plaintiff Evanston Insurance Company ("Evanston"). Id. That additional insurance policy is the subject of Evanston's declaratory judgment action in this Court. Evanston seeks a declaration that Venture Point is not an additional insured, and that Evanston does not owe any coverage regardless of the factual findings in the state court action. (ECF #18, at 5). Evanston argues that the contract entered by Evanston and Petroleum prevents Venture Point from indemnification or coverage by Evanston. Id. at 9–10.

### II. Legal Standard

The Declaratory Judgment Act states that in a "case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Courts must "first inquire whether there is an actual case or controversy within its jurisdiction." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005). Then, "if the court finds that an actual case or controversy exists, the court must decide whether to exercise its jurisdiction by analyzing the [Brillhart] factors." Id. The Brillhart factors "remain the philosophic touchstone for the district court." Gov't. Emp. Ins. Co. v. Dizol, 133 F.1220, 1225 (9th Cir. 1998). The factors mandate that the district court "should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Id. When a party "requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court." Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366–67 (9th Cir. 1991). Nevertheless, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance cases specifically." Dizol, 133 F.3d at 1225. The district court is in the "best position to assess how judicial economy, comity and federalism are affected in a given case." Id. at 1226.

### III. Analysis

Defendants argue that Evanston's action should be dismissed for three reasons. First, Defendants argue that Evanston failed to join necessary and indispensable parties to the litigation.

Second, Defendants argue that Evanston does not have standing because it failed to comply with Nevada Revised Statute 80.010 and did not file as a foreign corporation with the Secretary of State. Third, Defendants argue that even if Evanston's claim survives those arguments, the Court should refuse jurisdiction because the Brillhart factors weigh in favor of dismissal.

### A. Necessary and Indispensable Parties

"Application of Federal Rule of Civil Procedure 19 determines whether a party is indispensable. The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application." Dawavendewa v. Salt River Project Agr. Imp. and Power Dist., 276 F.3d 1150, 1155 (9th Cir. 2002). Courts must determine "(1) whether an absent party is necessary to the action; and then, (2) if the party is necessary, but cannot be joined, whether the party is indispensable such that in 'equity and good conscience' the suit should be dismissed." Id. (quoting Confederated Tribes of Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1498 (9th Cir. 1991)). Rule 19(a) "provides a two-pronged inquiry for determining whether a party is 'necessary.'" White v. Univ. of Cal., 765 F.3d 1010, 1026 (9th Cir. 2014) (quoting Confederated Tribes, 928 F.2d at 1498. "First, the court must determine whether complete relief can be afforded if the action is limited to the existing parties." Id. "Second, the court must determine whether the absent party has a 'legally protected interest' in the subject of the action and, if so, whether the party's absence will 'impair or impede' the party's ability to protect that interest or will leave an existing party subject to multiple, inconsistent legal obligations with respect to that interest." Id. (quoting Confederated Tribes, 928 F.2d at 1498).

Evanston named two defendants in this action: Venture Point and Scharringhausen. Both of those defendants argue that the action must be dismissed because Evanston failed to join necessary and indispensable parties. They argue that Petroleum should have been added because Petroleum is Evanston's insured and the accident occurred because of Petroleum's failure to maintain the building it rented. Defendants argue that Kinsale and Truck Insurance Exchange, a member of the Farmers insurance company affiliates ("Farmers") must also be added because, as Venture Point's primary insurer, they may decide to sue Evanston for any rights of subrogation if they settle the underlying action within their policy limits. Defendants argue that the Court may

prevent the future suits by adding Kinsale and Farmers as parties to this action. While the Court may prevent a future suit, the Court does not find that these parties are necessary. While they may be interested in the outcome of this action, they must have a specific interest that they "would be unable to protect if the action proceeded without [them]." IDS Property Cas. Ins. Co. v. Mullins, 726 Fed.Appx. 597, 598 (9th Cir. 2018) (memorandum opinion). Defendants have not shown that Kinsale and Farmers have a specific interest that they would be unable to protect if the Court proceeds in this action without them. The requested relief can be completely granted in their absence and their absence will not impair or impede their ability to protect their legal interests. As such, the Court finds that the parties Evanston did not join in the action are not necessary for the determination of whether Venture Point is an additional insured under the insurance contracts and dismissal is improper.

### B. Nevada Revised Statute 80.010

Statute requires that "[b]efore commencing or doing any business in this State, each corporation organized pursuant to the laws of another state . . . that enters this State to do business must [f]ile in the Office of the Secretary of State." NEV. REV. STAT. § 80.010(a). It also mandates that "every corporation which fails or neglects to comply with the provisions of NRS 80.010 to 80.040, inclusive, may not commence or maintain any action or proceeding in any court of this Statue." Id. at § 80.055. Defendants argue that they searched the Secretary of State website and did not find Evanston's registered corporation listed along with the foreign corporations that had complied with NRS 80.010. Evanston argues that it is exempt from that statute because it holds a license as an insurer under NRS 680B.020. Section 680B.020 states that

> [n]otwithstanding the provisions of any general or special law, the possession of a license or certificate of authority issued under this Code shall be authorization to transact such business as indicated in such license or certificate of authority, and shall be in lieu of all licenses, whether for regulation or revenue, required to transact insurance business within the State of Nevada.

NEV. REV. STAT. § 680B.020(1). This section appears to provide Evanston the power to conduct business in Nevada without filing with the Secretary of State, as required in § 80.010. The plain language of the statute permits an insurance company to authorize or transact insurance business

in the state despite any other statute, including § 80.010. Because Evanston is permitted to transact business in the state, it may also commence a civil action.

If the plain language § 680B.020(1) did not grant Evanston the ability to conduct business in Nevada without registering as a foreign corporation and filing with the Secretary of State, dismissal would still be improper. The Nevada Supreme Court has held that when a party that is not qualified to do business in Nevada commences an action, "the district court should stay [the] unqualified foreign corporation's action until the foreign corporation qualifies." Executive Management, Ltd. v. Ticor Title Ins. Co., 38 P.3d 872, 876 (Nev. 2002). A party's failure to "promptly qualify, however, could result in dismissal." Id. While the current statute was drafted after the Ticor decision was issued, the Court agrees with its holding. As such, Defendants' argument that Evanston does not have standing to commence a civil action in Nevada is denied.

      C.  The *Brillhart* Factors

When determining whether to exercise jurisdiction over a claim for declaratory judgment, courts consider the Brillhart factors. A district court should "avoid needless determination of state law; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Dizol, 133 F.3d at 1225.

This action does not involve the needless determination of state law. A "needless determination of state law may involve: (1) an ongoing parallel state court proceeding regarding the precise state law issue, (2) an area of law Congress expressly left to the states, or (3) a lawsuit with no compelling federal interest." Rimini Street, Inc. v. Hartford Fire Ins. Co., No. 2:15-cv-2292-JCM-CWH, 2016 WL 3192709, at *5 (D. Nev. June 6, 2016). The parties to this action are currently engaged in an underlying state court case involving a similar issue, but it is not the precise issue presented to this Court. The question presented of whether Venture Point is an additional insured under the policy is not an area of law Congress has expressly left to the states. While an insurance contract interpretation action does not have any compelling federal interest, the action would not require any needless determinations of state law. Therefore, it does not weigh toward dismissal.

The action was not filed as an attempt to forum shop. Forum shopping involves "the vexatious or reactive nature" of the litigation. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 17 n.20 (1983). Evanston had the right to file this action in federal court as diversity jurisdiction exists. Additionally, there does not appear to be any vexatious or reactive nature to the filing. Evanston simply argues that it does not owe a duty to Venture Point under the plain language of the insurance contracts and it has the right to file a claim for such a declaratory action. Therefore, this factor does not weigh toward dismissal.

Furthermore, this action is not likely to produce duplicative litigation. Evanston argues that the only questions in this action involve contract interpretation, have nothing to do with the facts of the underlying action, and as such, do not constitute duplicative litigation. Defendants argue that factual issues exist that cannot be resolved without the underlying action, such as workers compensation issues, interpretation of contracts from Kinsale, a party that is not named in this action, and the specific nature of the incident that led to Scharringhausen's injury. The ongoing state court proceedings will litigate the substantive issues of negligence and the proper amount of damages. This action only involves contract interpretation. The Court can interpret contract language without determining the extent of Scharringhausen's damages or the liability of the parties. While Evanston incorporates portions of the Kinsale contract in its complaint, the Court's interpretation of the contract language will not be duplicative of or dependent upon the underlying state court action. This factor does not weigh toward dismissal. Because the Brillhart factors all weigh against dismissal, the Court finds that exercising jurisdiction for this declaratory judgment action is proper.

Because the parties that Evanston did not name are not necessary, Evanston has standing to bring the declaratory judgment action, and the Brillhart factors weigh in favor of the Court exercising jurisdiction, the Court denies Defendants' motions to dismiss.

//
//
//
//

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (ECF #10/12) are **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Supplemental Brief (ECF #35) is **DENIED**.

Dated this 24th day of May, 2021.

_____
Kent J. Dawson
United States District Judge