JEFFREY N. LABOVITCH (NBN: 10915)
jlabovitch@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:   (858) 257-0700
Facsimile:    (858) 257-0701

Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

KEVIN E. HELM (NBN: 3432)
kevinh@helmandassociates.net
HELM & ASSOCIATES
2330 Paseo Del Prado, Suite C103
Las Vegas, NV 89102
Telephone: (702) 258-0022
Facsimile: (702) 258-0114

*Designated solely for personal service pursuant to District of Nevada LR IA 11-1(b)*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VENTURE POINT, LLC; KEVIN SCHARRINGHAUSEN; and Does 1 to 100<br><br>Defendants. | Case No.  2:20-cv-01783-KJD-EJY<br><br>**[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART EVANSTON INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING UNDERWRITING FILES**<br><br>Complaint filed:   September 24, 2020 |

(Strikethrough on: "[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART EVANSTON INSURANCE COMPANY'S MOTION FOR" and "Complaint filed:   September 24, 2020")

~~This matter came on before the Court for hearing on Evanston Insurance Company's ("Evanston") Motion for Protective Order Regarding Underwriting Files ("Motion for Protective Order") pursuant to Federal Rule of Civil Procedure 26(c). The Court having reviewed the records and files herein, and finding good cause therefore, hereby GRANTS in part and DENIES in part the Motion for a Protective Order.~~

~~It is therefore ORDERED, ADJUDGED and DECREED that Evanston's Motion for Protective Order is GRANTED; and it is~~ **IT IS HEREBY ORDERED THAT THE FOLLOWING TERMS AND CONDITIONS SHALL APPLY:**

~~FURTHER ORDERED that:~~

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery activity in this action involves production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the Court hereby orders the entry of a Protective Order pursuant to the Motion for a Protective Order. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until Evanston agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

3. <u>PROTECTED MATERIAL</u>

The Court hereby designates as "Confidential" the underwriting files relating to Evanston Excess Liability Policy No. XOBW76385716, which was issued to Petroleum

Logistics, Inc., effective for the policy period January 13, 2016 to January 13, 2017 ("Evanston Excess Policy"). All information (regardless of how it is generated, stored or maintained) or tangible things that are contained in or relate to the underwriting of the Evanston Excess Policy shall be designated "Confidential" in accordance with Federal Rule of Civil Procedure 26(c). The underwriting files designated as "Confidential" shall hereinafter be referred to as the "Protected Material."

4. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

4.1 <u>Basic Principles.</u> Any party that receives Protected Material from Evanston (hereinafter the "Receiving Party") may use Protected Material in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 8 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by Evanston, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

/ / /

(c) Experts, defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have agreed to be bound by this Protective Order, unless otherwise agreed by Evanston or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Party subject to this Protective Order is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material that Party must:

(a) promptly notify Evanston in writing. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    (c)  cooperate with respect to all reasonable procedures sought to be pursued by Evanston whose Protected Material may be affected.

If Evanston timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained Evanston's permission. Evanston shall bear the burden and expense of seeking protection in that court of the Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

    6.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing Evanston of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

    7.    <u>MISCELLANEOUS</u>

    7.1    <u>Right to Further Relief.</u> Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

    7.2    <u>Right to Assert Other Objections</u>. Notwithstanding the entry of this Order, all parties to this action maintain the right to object to disclosing or producing any information or item, including but not limited to Protected Material, on any ground not addressed in this Order. Similarly, all parties to this

5

action maintain the right to object on any ground to use in evidence any of the Protected Material covered by this Order.

7.3   **Filing Protected Material.** Without written permission from Evanston or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule IA 10-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

8.   **FINAL DISPOSITION**

Upon final termination of this action, including any and all appeals, any Parties or Non-Parties who hold Protected Material pursuant to this Order shall return all Protected Material to the Producing Party and/or confirm in writing that all copies of Protected Material have been destroyed.  To the extent Protected Material has also been saved electronically pursuant to a Document Retention Policy that precludes destruction, the Parties agree that they will keep such Protected Material in a manner that the Protected Material will not be improperly disclosed, and they will continue to be bound by this Order with respect to all such retained information.

**IT IS SO ORDERED**.

Dated: _____August 20_____, 2021

_____
Honorable Elayna J. Youchah
United States District Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Nevada on _____ [date] in the case of *Evanston Insurance Company v. Venture Point, LLC et al.*, U.S. District Court for the District of Nevada Case No. Case No. 2:20-cv-01783-KJD-EJY. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____