UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>VENTURE POINT, LLC; KEVIN SCHARRINGHAUSEN; and Does 1 to 100,<br><br>    Defendants. | Case No. 2:20-cv-01783-KJD-EJY<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant's Motion for Reconsideration (ECF #54). Plaintiff responded in opposition (ECF #61) and Defendant replied (ECF #63).

I.   Factual and Procedural Background

On May 26, 2021, this Court denied Defendants' motion to dismiss. (ECF #49). Defendant Kevin Scharringhausen ("Scharringhausen") filed the motion to reconsider, arguing that the Court committed clear error by not explicitly addressing a case from the Northern District of Illinois that Defendants relied on in their motion to dismiss. (ECF #54, at 3–4). Plaintiff opposes the motion, arguing that the case is factually distinct from the instant action and that Scharringhausen has not met his burden to warrant reconsideration. (ECF #61, at 8–13).

II.   Legal Standard

Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter, or revoke it. See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000); Glavor v. Shearson Lehman Hutton, Inc., 879 F.Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment."). However, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a

manifest injustice." <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 817 (1988) (internal quotations omitted). In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment.

Motions for reconsideration are committed to the discretion of the trial court. <u>See</u> <u>School Dist. No. 1J. Multnomah Cnty. V. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. <u>See</u> <u>School Dist. No 1J.</u>, 5 F.3d at 1263.

### III. Analysis

Scharringhausen argues that the Court committed clear error because "the Court ignored" the holding in <u>Rhone-Poulenc, Inc. v. Int'l Ins. Co.</u> and other similar cases. 877 F.Supp. 1170 (N.D. Ill. 1995). However, the fact that the Court did not explicitly mention <u>Rhone-Poulenc</u> in its analysis does not mean that the Court did not consider all the arguments. While the Court did not explicitly mention that case in its analysis, it analyzed whether the proposed parties were indispensable to the case under Rule 19. The Court found that Defendants had not shown that the excluded parties had a specific interest in the case that they would be unable to protect if they were not joined. Because Defendants failed to make that showing, dismissal was improper. The Court considered all of Defendants' arguments and its decision not to apply the holding of non-binding authority was not clearly erroneous.

//
//
//
//

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration (ECF #54) is **DENIED**.

Dated this 23rd day of November, 2021.

Kent J. Dawson
United States District Judge