UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>        v.<br><br>VENTURE POINT, LLC; KEVIN SCHARRINGHAUSEN; and Does 1 to 100,<br><br>                              Defendants. | Case No. 2:20-cv-01783-KJD-EJY<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE** |

Before the Court is Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) (ECF #91). Defendants responded in opposition (ECF #92/94) to which Plaintiff replied (ECF #95).

I.      Factual and Procedural Background

Plaintiff Evanston Insurance Company ("Evanston") filed this declaratory judgment action hoping to show that there was no insurance coverage under its excess policy for claims arising out of an underlying state court suit. (ECF #91, at 3). Defendant Kevin Scharringhausen ("Scharringhausen") was the plaintiff in that state action against co-defendant Venture Point, LLC ("Venture Point"). Id. In January 2022, the parties to the underlying action stipulated that the matter be dismissed with prejudice after an arbitrator found in favor of Venture Point. Id. The state court dismissed the action on January 11, 2022. Id. With the underlying action resolved, there is no need for the Court to make a determination on Evanston's coverage responsibilities. Id. Evanston's counsel discussed a stipulated dismissal with Scharringhausen and Venture Point's counsel, but Defendants refused to stipulate to a dismissal unless it was with prejudice. Id.

II.     Legal Standard

Federal Rule of Civil Procedure 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P 41(a)(2). Unless a court explicitly states otherwise, "a dismissal under this paragraph (2) is without prejudice." Id. The Ninth Circuit has held that a "district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." Id. (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)). Motions for voluntary dismissal under Rule 41(a)(2) are "addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." Stevedoring Servs. of America v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989).

III.    Analysis

Defendants do not show that they would suffer legal prejudice if this case were dismissed without prejudice. They do not address the legal prejudice definition laid out in Smith. Instead, Defendants focus their response[1] on a Tenth Circuit case that identifies certain factors that could constitute legal prejudice; specifically, the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a dismissal. Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996). Defendants argue they have engaged in extensive motion work, nearly completed all discovery, and gone to great effort and expense to prepare this case for trial or summary judgment. Additionally, Defendants argue that Evanston has not provided an explanation for why the claim cannot be dismissed with prejudice and as such, Defendants have suffered prejudice. Scharringhausen also urges the Court to award fees and costs for his defense.

The Court "should grant a motion for voluntary dismissal . . . unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith, 263 F.3d at 975. Smith places the burden on defendants to show that they will suffer legal prejudice if an action is

---

[1] Scharringhausen filed the initial response, but Venture Point partially joined. (ECF #94).

dismissed without prejudice, not on plaintiffs to show why a claim cannot be dismissed with prejudice. Defendants have not met this burden.

The Court finds that Defendants have not shown that they will suffer legal prejudice as a result of granting Evanston's motion. Defendants' only argument that they will suffer prejudice is the time and money they have spent litigating this action. However, "the expense incurred in defending a lawsuit does not amount to legal prejudice." Westlands Water Dist., 100 F.3d at 97. As such, prejudice has not been shown. This is a declaratory judgment action intended to resolve a coverage dispute stemming from an underlying state court action. The state court action has been resolved and dismissed with prejudice. As such, there is no need for a declaratory judgment. There has been no decision regarding the merits of this case and dismissing with prejudice is not necessary. Because Defendants have not met their burden to show that they will suffer legal prejudice if the action is dismissed, the Court grants the motion.

Scharringhausen urges the Court to grant an award of fees and costs for the time and money spent litigating this action. While the imposition of costs and fees "as a condition for dismissing without prejudice is not mandatory," it is permitted. Id. at 98. Such an award may sometimes be necessary "for the protection of the defendant." Stevedoring, 889 F.2d at 921. To determine whether to award fees after a voluntary dismissal without prejudice, "courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." Williams v. Peralta Comm. College Dist., 227 F.R.D. 538, 540 (N.D. Cal. 2005) (quoting 8–41 Moore's Fed. Prac.-Civ. § 41.40[10][d][I] (3d ed. 1999)).

Having considered the factors, the Court finds that an award of fees is not warranted. Evanston brought this action in good faith, seeking a declaratory judgment that would assist in litigating the underlying action. With the underlying action resolved, there is little to no risk of duplicative litigation. Evanston also sought dismissal quickly after the underlying action was resolved. While the litigation required time and money, the case is still in the early stages of discovery with the parties having only completed preliminary written discovery. There have been

no depositions, summary judgment motions, and there is no trial date. Therefore, the Court finds that an award of costs and fees is not warranted.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Voluntary Dismissal Without Prejudice (ECF #91) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion to Stay (ECF #81) is **DENIED as moot.**

Dated this 7th day of April, 2022.

_____
Kent J. Dawson
United States District Judge